UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

**TRACETTA JONES,**

    **Plaintiff,**

vs.

                        Case No.:

**TIME ORGANIZATION LLC; and
JAMES JOHNSON, Individually,**

    **Defendants.               /**

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, TRACETTA JONES ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendants, TIME ORGANIZATION LLC, ("TIME ORG."); and JAMES JOHNSON, Individually ("JOHNSON"), (collectively "Defendants"), and states as follows:

1. Plaintiff brings her claims pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid overtime wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs. Plaintiff also brings related claims to recover unpaid overtime wages under the Maryland Wage Payment Collection Law ("MWPCL") Md. Code, Lab. & Empl. Art., § 3-501 et seq., and under Maryland's Wage and Hour Law ("MWHL") Md. Code Lab. & Empl. § 401 et seq. Under the MWPCL, Plaintiff seeks unpaid wages, treble damages, and reasonable attorneys' fees and costs. Under the MWHL, Plaintiff seeks unpaid overtime wages, as well as attorneys' fees and costs.

## JURISDICTION

2. The jurisdiction of the Court over this controversy is proper pursuant to 28

U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Baltimore County, Florida.

6. At all times material hereto, Defendant TIME ORG. was, and continues to be, engaged in business in Maryland, doing business in Baltimore County.

7. Based on information and belief, at all times material hereto, Defendant JOHNSON was individual resident of Baltimore County, Florida.

8. At all times material hereto, JOHNSON operated and managed TIME ORG.

9. At all times material hereto, JOHNSON regularly exercised the authority to: (a) hire and fire employees of TIME ORG.; (b) determine the work schedules for the employees of TIME ORG.; and (c) control the finances and operations of TIME ORG.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of TIME ORG.; (b) determine the work schedules for the employees of TIME ORG. ; and (c) control the finances and operations of TIME ORG. , JOHNSON is an employer as defined by 29 U.S.C. 201 *et. seq.*

11. Further, at all times material hereto, JOHNSON was a manager for TIME ORG., acting in TIME ORG.'s interest in directing the work of Plaintiff.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, MWHL, and MWPCL.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, MWHL, and MWPCL.

14. At all times material hereto, Defendant TIME ORG. was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by an person" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant TIME ORG. is in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17. TIME ORG. is a mental and behavioral health facility that provides counseling, assisting pediatric and adult patients with everyday circumstances, transportation, and managing life skills.

18. On October 10, 2019, Defendants hired Plaintiff to work as a non-exempt "One to One Aid."

19. Plaintiff's job duties included transporting children to and from locations such as the library, market, or their homes; assisting children in their ability to cope with everyday circumstances; and assisting patients in managing their lives.

20. In several workweeks within the two years preceding the filing of this Complaint, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

21. To the extent she was compensated for her hours, which amounts did not include overtime premiums, Defendants paid Plaintiff bi-weekly.

22. From approximately October 2019 and continuing through January 2020, Plaintiff regularly worked over forty hours in a workweek.

23. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

24. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA, MWHL, and MWPCL.

25. Defendants have violated Title 29 U.S.C. §207 and MWPCL from at least October 2019 and continuing through at least January 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of her employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

26. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or reasonably

should have known, that Plaintiff was owed overtime compensation.

27. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## UNPAID OVERTIME WAGES

28. Plaintiff realleges and incorporates paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. From at least October 2019 and continuing through January 2020, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of her employment for which she was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

30. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

31. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**VIOLATION OF MD. WAGE & HOUR LAW, MD. CODE**
**LAB. & EMPL. § 401 ET SEQ.**
**FAILURE TO PAY OVERTIME**

34. Plaintiff realleges and incorporates paragraphs 1 through 27 of the Complaint as if fully set forth herein

35. Under the MWHL, an employer must "pay an overtime wage of at least 1.5 times the usual hourly wage" for each hour over forty hours that an employee works during one workweek. Md. Code, Lab. & Employment, §§ 3-415, 3-420.

36. At all relevant times to this action, Defendants were the "employers" of Plaintiff, within the meaning of Section 3-401, and had a gross annual income of more than $27, 040.00.

37. Defendants violated the MWHL by knowingly failing to compensate Plaintiff at the rate of one and one-half of her regular hourly rate for every hour worked in excess of forty hours in any one workweek.

38. Defendants' violations of the MWHL were repeated, willful, intentional, and in bad faith.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual unpaid overtime wages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT III**
**VIOLATION OF MD. WAGE PAYMENT & COLLECTION LAW,**
**MD. CODE LAB. & EMPL. § 3-501 ET SEQ.**

39. Plaintiff realleges and incorporates paragraphs 1 through 27 of the Complaint as if fully set forth herein.

6

40. The MWPCL provides that an employer must pay each employee "at least once in every 2 weeks or twice in each month." Md. Lab. & Empl. Code § 3-502(a)(1). Upon cessation of employment, an employer must pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Id., § 3- 505(a).

41. Wages owed under the MWPCL are defined to include overtime wages.

42. At all relevant times to this action, Defendants were the "employers" of Plaintiff, within the meaning of Section 3-501.

43. Defendants violated the MWPCL by knowingly failing to pay Plaintiff all of the overtime wages due to her.

44. Defendants violated the MWPCL by knowingly failing to pay Plaintiff all wages due for work that she performed between October 2019 through January 2020, when her employment was terminated. Plaintiff has never been lawfully compensated for the work she performed during this time period.

45. Defendants' violations of the MWPCL were repeated, willful, intentional, and in bad faith.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for her unpaid wages and treble damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

DATED this 29th day of June, 2020.

                Respectfully Submitted,

              **/s/ *George G. Triantis***
              **GEORGE G. TRIANTIS, ESQ.**
              Bar No.: 21254
              **MORGAN & MORGAN, P.A.**
              201 N. Franklin Street, Suite 700
              Tampa, Florida 33602
              Telephone: 813-223-5505
              Facsimile: 813-257-0572
              Email: GTriantis@forthepeople.com