IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRACETTA JONES,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-20-1935 |
| **TIME ORGANIZATION LLC,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Tracetta Jones filed this action against her employer, Time Organization LLC and its operator and manager James Johnson (together, "Time"), claiming that Time failed to pay her overtime wages at the rate required by law in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. *See* Compl. ¶¶ 29, 37 & 43–44, ECF 1. On February 22, 2021, the parties filed a joint motion for court approval of their settlement agreement. *See* Jt. Mot., ECF 23. I find the settlement amount and terms, including the payments to plaintiff and attorneys' fees, are reasonable and fair in light of the facts of this case.

  **I.**  **Background**

Plaintiff worked for Time as a non-exempt employee at all relevant times. Compl. ¶ 18. Plaintiff alleges Time failed to pay her full overtime wages in violation of state and federal law. *Id.* ¶¶ 29, 37 & 43–44. The Settlement Agreement ("Agreement") releases and discharges defendants from

> any and all claims, known and unknown, which Plaintiff has or may have had from the beginning of time to the date of execution of this Agreement, including, but not

> limited to, any alleged violation of [statutory or common law] having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions (including compensation and benefits) of Plaintiff's employment with Defendants and this action, which she has or may have as of the date of this Agreement.

*See* Agr. ¶ 4(b), ECF 23-1. The gross settlement amount of the Agreement is $7,500.00, which includes $4,000.00 in attorneys' fees and costs. *Id.* ¶ 3.

## II. Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the

reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

1. ***Bona Fide* Dispute**

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* at 408. There are several issues that both parties genuinely dispute. *See* Jt. Mot. 2. Significantly, the parties dispute whether the defendants owe plaintiff any unpaid overtime wages and the amount of any damages, including whether plaintiffs are entitled to liquidated or treble damages. *Id.* at 2 & 4.

2. **Fairness & Reasonableness**

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are applied here.

First, the parties have not engaged in any formal discovery, although they have exchanged documents regarding plaintiff's hours and pay. *See* Jt. Mot. 6; Sept. 30, 2020 Order, ECF 17 (deferring formal discovery to allow for mediation).

Second, the settlement was negotiated quite early in the proceedings, before a scheduling order had issued. *See* Sept. 30, 2020 Order. This timing was purposeful. The parties recognize discovery would involve "several depositions" and "additional written discovery exchanges" and that they would expend additional time and effort briefing cross-motions for summary judgment. Jt. Mot. 6. An early settlement allowed the parties to avoid this delay and expense. *Id.*

Third, there is no evidence of fraud or collusion in the settlement. The parties spent several hours negotiating a settlement before the undersigned. Plaintiff's counsel "reviewed the information produced by Defendants as part of a voluntary exchange of time and compensation records related to Plaintiff." Jt. Mot. 6. They negotiated the settlement "with full knowledge of the details and viability of each Party's claims and defenses and financial capacity to satisfy any potential judgment." *Id.* at 5. Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel. *See* Jt. Mot. 7–8. Plaintiff's counsel's practice has been devoted exclusively to employment law for 15 years. Defendants are represented by counsel with more than 45 years' experience from a law firm that handles litigation on behalf of large and small companies as well as individuals.

The fifth factor—the opinions of class counsel—is not relevant because this is not a class action. *See Lomascolo*, 2009 WL 3094955, at *10.

Regarding the sixth factor, the parties agree that the $7,500.00 settlement amount, including $4,000.00 in attorneys' fees and costs, is "a reasonable and fair compromise that is in Plaintiff's best interest." Jt. Mot. 6. It is noteworthy that the parties dispute whether the defendants owe plaintiff any unpaid overtime wages and the amount of any damages, including whether plaintiffs are entitled to liquidated or treble damages. *Id.* at 2 & 4.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3. Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). The Agreement provides for attorneys' fees and costs of $4,000.00. When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez*, 838 F. Supp. 2d at 348. The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiff's counsel agreed to accept $4,000.00 for fees and costs. *See* Jt. Mot. 7–8. Plaintiff's counsel, who has practiced for 17 years and exclusively focused on employment law for 15 years, stated that her hourly rate typically is $500 but she agrees that the within-guidelines

5

amount of $425 per hour would be reasonable for an attorney with her experience. *Id.* She stated that she worked more than ten hours on the case which, at $425/hour, would result in more than $4,600 in fees and costs for ten hours of work. The amount of attorneys' fees in the Agreement is less than the actual fees and costs incurred as of the filing of the parties' joint motion. *See id.* The Court understands that the fees represent pre-suit investigation and preparation and post-filing prosecution of the case. In light of the work performed on the case and the reduction in fees that counsel has accepted, the Court finds the attorneys' fees and costs are fair and reasonable.

## **ORDER**

For the reasons stated above, it is, this 24th day of March, 2021, hereby ORDERED that:

1. The Joint Motion for Judicial Approval of Settlement, ECF 23, is GRANTED;

2. The Motion for Clerk's Entry of Default, ECF 14, is denied as moot; and

3. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Deborah L. Boardman
United States Magistrate Judge